| | |
|---|---|
| SONIA MEDRANO, | |
| Plaintiff, | |
| v. | Civil Action No. 2:13-CV-383 JVB |
| COUNTY OF LAKE, INDIANA, | |
| Defendant. | |

**OPINION AND ORDER**

Plaintiff Sonia Medrano filed a complaint against Defendant Lake County, Indiana, alleging that race, sex, and age discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., were determinative factors in her discharge from Police Academy training. The County has filed a motion to dismiss (DE 8) pursuant to Federal Rule of Civil Procedure 12(b)(6) as well as a motion under Rule 12(f) to strike Plaintiff's affidavit (DE 14).

**A.    Standard for Evaluating a Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 570). The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

**B.** **Discussion**

In her complaint, Plaintiff, a forty-year-old Hispanic woman, has sued Lake County, Indiana, which she alleges was her employer, for race, age, and sex discrimination. While she was attending the Police Academy, the "chief" of the Lake County Sheriff told her she was being withdrawn from the Police Academy training program. She was then ordered to report to the evidence property manager to work with the property manager. The Lake County Sheriff asked

---

[1] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

her to reapply for her former position as a correction officer. She was rehired as a correction officer to work the 7 am to 3 pm shift. She was also told to continue to report to the property room after her shift as a correction officer, to work under the property manager, which, she alleges is a police classified position, but she was not given the training or the pay for that position. Before her discharge from the police academy, she was informed that she had failed a portion of the driving training. She alleges that a white male police academy candidate was given a six-month extension of time to complete his training and that she was the only Hispanic female in the training group and the only candidate over forty years of age. She further alleges that she filed a timely charge of discrimination with the EEOC, alleging sex discrimination.

Under 42 U.S.C. § 2000e-5(f)(1), a plaintiff must file a charge of discrimination with the EEOC before bringing suit against the respondent named in the charge. The County attached a copy of Plaintiff's charge of discrimination to its motion to dismiss.[2] In the space on the charge of discrimination form for providing the name of the "Employer, Labor Organization, Employment Agency, Apprenticeship Committee or State or Local Government Agency" the charging party believes discriminated against her, the only name that appears is the "Sheriff's Office." (DE 8-1 at 1.) However, Plaintiff has sued Lake County, Indiana, and not the Lake County Sheriff's Office.

The Lake County Sheriff's Office and Lake County, Indiana, are separate legal entities under Indiana law. *See Argandona v. Lake County Sheriff's Dep't*, No. 2:06-CV-259, 2007 WL

---

[2]It is appropriate for the Court to consider Plaintiff's charge of discrimination in ruling on the County's motion to dismiss. In deciding a Rule 12(b)(6) motion, a court may consider documents attached to a motion to dismiss without converting the motion to a motion for summary judgment if the documents are referred to in the plaintiff's complaint and are central to his claim. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Plaintiff's charge of discrimination meets these criteria.

518799, at *3 (N.D. Ind. Feb 13, 2007). Plaintiff failed to name the County in her charge of discrimination and failed to sue the Sheriff's Office, which she named in her charge of discrimination.

Ordinarily, a party not named as the respondent in an EEOC charge may not be sued under Title VII, but the Seventh Circuit Court of Appeals has recognized an exception if an unnamed party has received adequate notice of the charge, under circumstances where it has been given the opportunity to participate in conciliation proceedings. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008) (Illinois Gaming Board was properly dismissed as a party where plaintiff named only the Illinois Department of Revenue in her charge of discrimination and did not allege in her complaint that the Gaming Board had been notified that an EEOC charge had been filed against it). Because Plaintiff's suit does not match her charge of discrimination and she does not allege in the complaint that the County was notified of a charge of discrimination against it, the exception does not apply and dismissal is appropriate.

Because it is inappropriate to treat the County's motion to dismiss as a motion for summary judgment, the Court will not consider the affidavit Plaintiff submitted in opposition to the motion. However, the Court will not strike the affidavit under Rule 12(f). Only *pleadings* (which, under Federal Rule of Civil Procedure 7(a), include only the complaint and answer) may be stricken under Rule 12(f).

## C. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Lake County, Indiana's motion to dismiss (DE 8) and dismisses Plaintiff's complaint against Lake County without

prejudice. The Court **DENIES** its motion to strike (DE 14).

SO ORDERED on June 13, 2014.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge